UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
RONY COMPERE,

                Plaintiff,

  -against-

DETECTIVE BRIAN STEVENS, et al,

                Defendants.
--------------------------------------------------------X

**For Online Publication Only**

FILED
CLERK
6/10/2020 1:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
17-CV-1979 (JMA) (AYS)

**AZRACK, District Judge:**

On April 5, 2017 *pro se* plaintiff Rony Compere initiated a civil action against Detective Brian J Stevens, Detective Jason Paglino, Detective Daniel J. Murphy, LT Steven Webber, and Captain John Rowan (collectively, "defendants.")

On December 11, 2019, the defendants filed a request for a pre-motion conference concerning a motion for summary judgment. (ECF No. 44.) Plaintiff never responded to the letter. On February 14, 2020, this Court issued an Order directing that plaintiff to either (1) file an opposition to defendants' pre-motion conference letter, or (2) indicate by letter to the Court that he does not wish to file an opposition but still intends to prosecute this lawsuit. A response was due by March 13, 2020. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. A copy of the order was mailed to plaintiff at the address listed on the docket sheet.

On February 28, 2020, the Order was returned to the Court marked "Return-released." On March 2, 2020, an additional copy of the Order mailed to the plaintiff was returned to the Court marked "Not deliverable as addressed, unable to forward." To date, plaintiff has not responded to the pre-motion conference request or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to respond to the defendant's pre-motion conference request and the Court's Order. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Additionally, when Plaintiff first filed his complaint, the Court's Pro Se Office sent him a letter informing him that:

> It is your duty to prosecute your case and to keep this office informed of a current mailing address. All address changes must be submitted in writing. Failure to provide a current mailing address may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 4l(b).

(ECF No. 4.)

Plaintiff's failure to comply with the Court's Order and to provide a current address constitutes grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to close this case.

**SO ORDERED.**

Dated: June 10, 2020
Central Islip, New York

                                                      /s/ JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE